UNITED STATES OF AMERICA,

    Plaintiff

v.                                                 Civil Action No.: 20-cv-993

WASTE MANAGEMENT OF
WISCONSIN, INC.,

    Defendant.

# COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, and acting on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## Introduction

1. This is a civil action brought by the United States against Defendant Waste Management of Wisconsin, Inc. ("WM"), for injunctive relief and civil penalties pursuant to Section 3008 of the Solid Waste Disposal Act, also known as the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6928.

2. WM owns and operates a municipal solid waste landfill in Franklin, Wisconsin, known as the Metro Recycling and Disposal Facility ("Metro Landfill"). Since at least 1999, WM has improperly accepted and disposed of hazardous waste at the Metro Landfill without a permit and without complying with applicable hazardous waste regulations issued by EPA and the State

of Wisconsin. More specifically, WM accepted and disposed of electric arc furnace dust contaminated with chromium, a known human carcinogen, at the Metro Landfill.

## Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and 42 U.S.C. § 6928(a) and (g).

4. Venue is proper in this Court pursuant to 42 U.S.C. § 6928(a) and 28 U.S.C. §§ 1391 and 1395 because the violations at issue occurred in this judicial district, WM operates in this judicial district, and the Metro Landfill is located within this judicial district.

## Notices

5. On July 10, 2013, EPA issued a Notice of Violation ("NOV") to WM.

6. EPA has provided notice of this civil action to the State of Wisconsin as required by RCRA § 3008(a), 42 U.S.C. § 6928(a).

## Authority

7. Authority to bring this action is vested in the United States Attorney General by RCRA § 3008(a), 42 U.S.C. § 6928(a), and by 28 U.S.C. §§ 516 and 519.

## Parties

8. The United States is acting through the Attorney General of the United States and on behalf of the EPA.

9. WM is incorporated in the State of Wisconsin and is licensed to do business in Wisconsin. WM is, and at all relevant times to this action has been, the owner and operator of the Metro Landfill located at 10712 South 124th Street, Franklin, Wisconsin 53212.

10. WM is a "person" as defined by 42 U.S.C. § 6903(15) and Wisconsin Administrative Code, Natural Resources ("Wis. Admin. Code, NR"), Section 660.10(90).

2

11. WM is the owner and operator of the Metro Landfill, which is a "facility" within the meaning of 40 C.F.R. § 260.10 and Wis. Admin. Code, NR, Section 660.10(43).

## Statutory and Regulatory Background

### RCRA Enforcement

12. RCRA establishes, among other things, a comprehensive "cradle-to-grave" regulatory program for the management and disposal of solid and hazardous waste that is administered by the EPA and the states.

13. Subchapter III of RCRA, 42 U.S.C. §§ 6921-40 (commonly known as "Subtitle C"), requires EPA to issue regulations that establish permitting and performance standards applicable to facilities that generate, transport, treat, store, or dispose of hazardous wastes. Together, Subtitle C and its implementing regulations, which are codified at 40 C.F.R. Parts 260 through 279, comprise EPA's RCRA hazardous waste program.

14. Pursuant to Section 3006 of RCRA, 42 U.S.C. § 6926, the Administrator of EPA may authorize a state to administer the RCRA hazardous waste program in lieu of the federal program when the Administrator finds that the state program meets certain conditions. Any violation of regulations promulgated pursuant to Subtitle C or any state provision authorized pursuant to Section 3006 of RCRA constitutes a violation of RCRA, subject to the assessment of civil penalties and injunctive relief as provided in Section 3008 of RCRA, 42 U.S.C. § 6928.

15. The Administrator of EPA granted the State of Wisconsin final authorization to administer a state hazardous waste program in lieu of the federal government's hazardous waste program effective January 31, 1986. *See* 51 Fed. Reg. 3783 (January 31, 1986).

16. The State of Wisconsin, through its Department of Natural Resources ("DNR"), has adopted regulations governing hazardous waste. These regulations are codified in the

3

Wisconsin Administrative Code, Department of Natural Resources, Chapters 660 through 679. Unless otherwise specified, DNR has adopted and incorporated into its hazardous waste regulations all the federal regulations cited in this complaint.

17. Notwithstanding EPA's authorization of Wisconsin's hazardous waste program, Section 3008 of RCRA, 42 U.S.C. § 3008(a), provides for federal enforcement of RCRA and the implementing regulations adopted by EPA and DNR.

18. Pursuant to RCRA and the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996 and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, 28 U.S.C. § 2461 note: Pub. Law No. 114-74, § 701, 129 Stat. 39 (2015), RCRA statutory penalties have been adjusted for inflation through 40 C.F.R. § 19.4. The applicable penalties are:

- $32,500 per day per violation for violations occurring from March 16, 2004 through January 12, 2009;
- $37,500 per day per violation for violations occurring from January 13, 2009 through November 2, 2015; and
- $72,718 per day per violation for violations occurring after November 2, 2015.

RCRA Regulation of Hazardous Waste Disposal

19. Under the RCRA hazardous waste program, hazardous waste is defined as, *inter alia*, a solid waste that exhibits any of the characteristics of hazardous waste identified in Subpart C of 40 C.F.R. Part 261.

20. Subject to certain exceptions not applicable here, a solid waste is any discarded material. *See* 40 C.F.R. § 261.2(a)(1). A material is discarded if, for example, it has been abandoned by being disposed of. *Id.* at § 261.2(b)(1).

21. A solid waste exhibits the "characteristic of toxicity," and therefore constitutes a hazardous waste, if it contains any of the contaminants listed in 40 C.F.R. § 261.24 at or above the concentrations specified in that regulation.

22. As relevant here, 40 C.F.R. § 261.24 provides that a solid waste constitutes a hazardous waste if the chromium in the waste, using the Toxicity Characteristic Leaching Procedure test method, exceeds a concentration of five milligrams per liter (5.0 mg/L). Such chromium-contaminated hazardous waste has been assigned EPA hazardous waste number D007.

23. Hazardous wastes such as chromium-contaminated hazardous wastes are subject to extensive regulation pursuant to RCRA and the EPA and DNR's implementing regulations.

24. Subject to certain exceptions not applicable here, RCRA prohibits the disposal of chromium-contaminated hazardous waste in land. *See* 40 C.F.R. § 268.34(a); Wis. Admin. Code, NR § 668.34(1).

25. RCRA also prohibits any person from operating any facility that treats, stores, or disposes of hazardous waste, including chromium-contaminated hazardous waste, except in accordance with a permit. 42 U.S.C. § 6925(a); 40 C.F.R. § 270.1(c); Wis. Admin. Code, NR § 670.001(3).

26. In addition, even if a person obtains a permit, the person obtaining the permit to treat, store, or dispose of hazardous waste must thereafter comply with the requirements of the permit, including minimum technology requirements, operational requirements, groundwater monitoring requirements, and closure requirements.

General Allegations

27. At all times relevant to this action, WM's Metro Landfill accepted several forms of industrial waste from a steel casting foundry, the Maynard Steel Casting Company ("Maynard Steel"), located in Milwaukee, Wisconsin.

28. As part of its steel casting operations, Maynard Steel operates four electric arc furnaces ("EAFs") to melt scrap steel into molten form. The EAFs are each equipped with pollution control systems that are designed to filter out and capture particulate matter in the emissions. Maynard Steel then transported this particulate matter, known as EAF baghouse dust, to WM for disposal.

29. Laboratory testing conducted in October 2009, and testing thereafter, showed that Maynard Steel's EAFs produced dust containing the chemical elements barium, cadmium, and chromium. All three elements are identified as hazardous constituents in the RCRA implementing regulations, 40 C.F.R. Part 261, Appendix VIII. Analysis of the EAF baghouse dust from each of the four EAFs revealed levels of chromium greater than 5 mg/L. Therefore, the EAF baghouse dust is a hazardous waste under Wis. Admin. Code NR § 661.24 and 40 C.F.R. § 261.24.

30. Chromium is a known human carcinogen. In addition, workplace exposure to chromium may cause lung cancer and damage to the nose, throat, lungs, eyes, and skin.

31. Upon information and belief, and based on Maynard Steel's production processes, the dust produced by Maynard Steel's EAFs exceeded the regulatory level of 5 mg/L for several years prior to the October 2009 testing.

32. WM's Metro Landfill is licensed by the Wisconsin DNR to accept non-hazardous commercial and industrial wastes for disposal, but the WM Metro Landfill does not have a license or permit authorizing it to treat, store or dispose of hazardous waste.

33. From approximately 1999 through 2009, WM accepted hundreds of tons of hazardous EAF baghouse dust in over 100 shipments from Maynard Steel. WM then disposed of the dust throughout various locations within the Metro Landfill.

34. During the timeframe that WM accepted Maynard Steel's foundry waste, which included EAF baghouse dust and other forms of foundry waste, WM was required to comply with the terms of a written Special Waste Management Program plan (the "plan") developed by WM to satisfy the requirements of Wis. Admin. Code, NR § 506.09 (concerning waste characterization). The plan required review and analysis, including analytical testing, of "special wastes" covered by the plan every five years. The special wastes covered by WM's plan included foundry wastes such as those generated by Maynard Steel.

35. Maynard Steel engaged in multiple processes at its plant, and each of these processes generated separate wastes. Contrary to the terms of the plan, WM failed to identify and characterize separately the multiple special waste streams that WM accepted for disposal from Maynard Steel.

36. Instead, WM erroneously treated all of the special waste it accepted from Maynard Steel as a single special waste. WM thus failed to perform any specific analysis, including any analytical testing, of Maynard Steel's EAF baghouse dust at any time since 1990.

37. In 2006, moreover, WM granted Maynard Steel a variance from the plan's analytical testing requirement based on the unsubstantiated and erroneous conclusion that the special waste from Maynard Steel had "been tested numerous times," there had been "no changes to the process" and that "no testing is necessary." As a result, hundreds of tons of hazardous waste continued to flow unabated into the Metro Landfill until the end of 2009.

7

Claims for Relief (Illegal Storage and Disposal of Hazardous Waste)

38. Paragraphs 1-37 of this Complaint are re-alleged and incorporated by reference.

39. RCRA § 3005(a), 42 U.S.C. § 6925(a), and 40 C.F.R § 270.1 (c) prohibit the treatment, storage, or disposal of hazardous waste by any person who does not have a hazardous waste permit.

40. Wis. Admin. Code NR § 670.001(2) further prohibits the treatment, storage, or disposal of hazardous waste by any person who has not applied for and received a hazardous waste license. Wis. Admin. Code NR § 670.001(3) requires owners and operators of hazardous waste management units to have licenses during the active life of a hazardous waste management unit.

41. On at least the following dates, the Defendant improperly disposed of and stored at WM's Metro Landfill hazardous waste generated by Maynard Steel EAFs, without having applied for or received a hazardous waste license or permit, in violation of Wis. Admin. Code NR §§ 670.001(2) and (3), RCRA § 3005(a), 42 U.S.C. § 6925(a), and 40 C.F.R. § 270.1(c):

| Claim No | Date of Initial Disposal | Description of Waste |
|---|---|---|
| 1 | May 1, 2009 | Approximately 16 tons of dust in bags from Maynard Steel EAFs and other operations |
| 2 | May 13, 2009 | Approximately 14 tons of dust in bags from Maynard Steel EAFs and other operations |
| 3 | June 10, 2009 | Approximately 14 tons of dust in bags from Maynard Steel EAFs and other operations |
| 4 | July 6, 2009 | Approximately 15 tons of dust in bags from Maynard Steel EAFs and other operations |
| 5 | July 22, 2009 | Approximately 7.5 tons of dust from EAF No. 7 |
| 6 | August 6, 2009 | Approximately 17 tons of dust in bags from Maynard Steel EAFs and other operations |
| 7 | September 16, 2009 | Approximately 11.5 tons of dust in bags from Maynard Steel EAFs and other operations |
| 8 | September 30, 2009 | Approximately 10.5 tons of dust in bags from Maynard Steel EAFs and other operations |
| 9 | October 22, 2009 | Approximately 14 tons of dust in bags from Maynard Steel EAFs and other operations |

| Claim No | Date of Initial Disposal | Description of Waste |
|---|---|---|
| 10 | November 10, 2009 | Approximately 14 tons of dust in bags from Maynard Steel EAFs and other operations |

42. Upon information and belief, on additional days, the Defendant received and improperly stored and disposed of at WM's Metro Landfill hazardous waste generated by Maynard Steel, without having applied for or received a hazardous waste license or permit, in violation of Wis. Admin. Code NR §§ 670.001(2) and (3), RCRA § 3005(a), 42 U.S.C. § 6925(a), and 40 C.F.R. § 270.1(c).

43. All of the hazardous waste referenced in this complaint remains at the Metro Landfill and continues to be stored there improperly. The environmental harm from the disposal and storage continues to this day.

44. As provided in RCRA § 3008(g), 42 U.S.C. § 6928(g), the violations in this claim subject Defendant to injunctive relief and civil penalties in the amounts set forth in Paragraph 18.

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set forth above, the United States requests that this Court:

1. Order such injunctive relief as is necessary to compel Defendant to comply with the RCRA, 42 U.S.C. § 6901 *et seq*., its implementing regulations, and any permits issued to the Defendant pursuant to the statute;

2. Assess a civil penalty against Defendant for each day of each separate violation of the RCRA;

3. Award Plaintiff its costs of this action; and,

4. Grant such other relief as the Court deems just and proper.

Dated this 1st day of July, 2020.

                                              Respectfully submitted,

                                              KAREN S. DWORKIN
                                              Deputy Section Chief
                                              Environmental Enforcement Section
                                              Environment & Natural Resources Division

                                              MATTHEW D. KRUEGER
                                              United States Attorney
                                              Eastern District of Wisconsin

                               By:    s/ Chris R. Larsen
                                              CHRIS R. LARSEN
                                              Wisconsin State Bar No. 1005336
                                              MICHAEL A. CARTER
                                              State Bar No. 1090041
                                              Assistant United States Attorneys
                                              517 East Wisconsin Avenue
                                              Milwaukee, WI 53202
                                              (414) 297-1400

OF COUNSEL:  Mary T. McAuliffe
                       Associate Regional Counsel
                       United States Environmental
                       Protection Agency, Region 5

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box (required):   ☐ Green Bay Division    ☐ Milwaukee Division

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question  *(U.S. Government Not a Party)*
☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*             Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation - Transfer
☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

Case 2:20-cv-00993-LA   Filed 07/01/20   Page 1 of 2   Document 1-1

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use
  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.